UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-303-FDW
(3:11-cr-15-FDW-1)

| | |
|---|---|
| VICTOR AVALOS-NAVARRO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1).

**I. BACKGROUND**

In April 2009, pro se Petitioner Victor Avalos-Navarro was convicted in Mecklenburg County of two counts of felony conspiracy to commit robbery with a dangerous weapon. (Crim. Case No. 3:11cr15-FDW-1: Doc. No. 16 at 3: PSR). Petitioner is a Mexican native, and he was ordered removed from the United States and deported. (Id.). Petitioner returned to the United States without permission. (Id.). A grand jury in the Western District of North Carolina indicted Petitioner in January 2011, charging him with one count of illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b)(2). (Id., Doc. No. 1: Indictment). The indictment alleged that his illegal reentry was "subsequent to a conviction for the commission of an aggravated felony," which increased the statutory maximum sentence for his offense to 20 years of imprisonment, pursuant to 8 U.S.C. § 1326(b)(2).

Petitioner pleaded guilty to the illegal-reentry offense and this Court sentenced him to 57 months of imprisonment. (Id., Doc. No. 14: Acceptance and Entry of Guilty Plea; Doc. No. 18:

Judgment). Petitioner's presentence report determined, among other things, that a 16-offense level enhancement was appropriate under Section 2L1.2(b)(1)(A) of the advisory Sentencing Guidelines because he had previously been convicted of a felony crime of violence.[1] (Id., Doc. No. 16 at 4). This Court adopted the presentence report's determination. (Id., Doc. No. 19: Statement of Reasons).

Judgment was entered against Petitioner on February 6, 2015, and Petitioner did not appeal his conviction or sentence. Instead, he filed the pending motion to vacate, placing the petition in the prison system for mailing on June 1, 2016. (Doc. No. 1 at 11). Petitioner contends that he is entitled to relief under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), and under the rationale of the Ninth Circuit Court of Appeals decision in Dimaya v. Lynch, 803 F.3d 1110, 1111 (9th Cir. 2015). Specifically, Petitioner seeks for this Court to vacate his 57-month sentence, contending that 18 U.S.C. § 16(b), which partially defines the term "aggravated felony" under the Immigration and Nationality Act, is constitutionally infirm in the light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Finally, Petitioner contends that the petition is timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year of the issuance of Johnson. For the following reasons, Petitioner's motion to vacate will be denied and dismissed.

II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to

---

[1] Section 2L1.2(b)(1)(A) provides, in relevant part, that if "the defendant previously was deported, or unlawfully remained in the United States, after--(A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, increase by 16 levels if the conviction receives criminal history points . . . ." U.S.S.G. 2L1.2(b)(1)(A).

2

promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law, and no response from the Government is necessary. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

In support of his motion to vacate, Petitioner seeks relief from his sentence under the rationale of a Ninth Circuit decision, Dimaya v. Lynch, which reversed a finding by the Board of Immigration Appeals that a non-citizen was subject to deportation under a provision of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii). 803 F.3d 1110, 1111 (9th Cir. 2015). That provision makes "deportable" any "alien who is convicted of an aggravated felony at any time after admission." 8 U.S.C. § 1227(a)(2)(A)(iii). The statute defines "aggravated felony" to include numerous different categories of offenses, one of which is "a crime of violence" as defined by another statute, 18 U.S.C. § 16(b). 8 U.S.C. § 1101(a)(43)(F). For purposes of the Immigration and Nationality Act, the statute defining "crime of violence," 18 U.S.C. § 16, contains a force clause and a residual clause. The force clause of 18 U.S.C. § 16 includes "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). The residual clause of that statute includes "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. § 16(b). In Dimaya, the Ninth Circuit held that the residual clause of 18 U.S.C. § 16(b) is unconstitutionally vague, relying on the Supreme Court's 2015 decision

3

in Johnson v. United States, which found the so-called residual clause of the Armed Career Criminal Act ("ACCA") to be unconstitutionally vague.[2] Dimaya, 803 F.3d at 1120.

Petitioner attempts to argue that he is entitled to sentencing relief in this case, in light of Johnson, and based on the rationale of the Dimaya opinion. Petitioner also notes that the Fourth Circuit Court of Appeals has held that, in light of Johnson, a conviction under North Carolina law for conspiracy to commit robbery with a dangerous weapon does not qualify as a violent felony under either the ACCA force clause, or under the residual clause of the ACCA. See United States v. Melvin, 621 F. App'x 226, 226-27 (4th Cir. 2015).

Petitioner is not entitled to sentencing relief. First, contrary to his contention in his motion to vacate, Petitioner's sentence was not increased under 18 U.S.C. § 16(b). The offense of which Petitioner was convicted is defined by 8 U.S.C. § 1326(a). That section punishes illegal reentry with up to two years of imprisonment and does not require that the reentry follow conviction for an aggravated felony. Id. Subsection (b) of that statute "is a penalty provision." United States

---

[2] The ACCA provides for a mandatory minimum term of fifteen years in prison for any defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). "Violent felony" is defined to include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B).
    In Johnson v. United States, 135 S. Ct. 2551 (2015), the Supreme Court held that the provision defining "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the "residual clause" of the ACCA's "violent felony" definition, is void for vagueness. Id. at 2558. The Supreme Court also held that the clause is void "in all its applications." Id. at 2561. However, the Court did not strike the remainder of the "violent felony" definition, including the four enumerated offenses and the "force clause" of § 924(e)(2)(B)(i). Id. at 2563. As a result of Johnson, a defendant who was sentenced pursuant to a statutory mandatory minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. Where, however, the prior convictions upon which his enhanced sentence is based qualify as violent felonies under the "force clause," or qualify as one of the four enumerated offenses, no relief is warranted.

4

v. DeLamos, 251 F. App'x 207, 208 (4th Cir. 2007) (unpublished decision). Section "1326(b)(2) provides that if the alien's 'removal was subsequent to an aggravated felony,' he faces a maximum prison term of twenty years; if the alien was deported after conviction of a non-aggravated felony, the maximum sentence is ten years under § 1326(b)(1)." Id.

Here, Petitioner's prior conviction of felony conspiracy to commit robbery with a dangerous weapon, for which he received a 25-month prison sentence, was clearly a felony conviction, and Petitioner does not argue otherwise. Thus, even if his offense were not an aggravated felony, his statutory maximum sentence would have been ten years of imprisonment. See 18 U.S.C. § 1326(b)(1) (imposing imprisonment of not more than ten years where removal was "subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony)." Petitioner received a term of imprisonment of 57 months, well below the ten-year statutory maximum to which he would have been subject if his prior offense were not for an aggravated felony. Accordingly, his sentence was not increased under 18 U.S.C. § 16(b).

Moreover, Petitioner's indictment does refer to an "aggravated felony" and 8 U.S.C. § 1326(b)(2), but whether his prior offense was an aggravated felony remains irrelevant. Because subsections (b)(1) and (b)(2) are penalty provisions, they need not be charged in the indictment. See Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998). A mischaracterization of a prior offense as an "aggravated felony" under subsection (b)(2) in an indictment is "not material" and would not prevent this Court from properly sentencing Petitioner under 8 U.S.C. § 1326(b)(1). See United States v. Jack, 45 F. App'x 273, 273 (4th Cir. 2002). In sum, because Petitioner's sentence was not increased under 18 U.S.C. § 16(b), he is not entitled to relief from that sentence under 28 U.S.C. § 2255.

5

The Court further finds that this Court's application of Section 2L1.2 of the Sentencing Guidelines, which resulted in a 16-offense level enhancement based on Petitioner's prior conviction of conspiracy to commit robbery with a dangerous weapon, was not affected by 18 U.S.C. § 16(b), the Ninth Circuit's decision in <u>Dimaya</u>, or the Supreme Court's decision in <u>Johnson</u>. The definition of "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A) does not include a residual clause identical to the residual clause in the ACCA that was invalidated by <u>Johnson</u>.[3] <u>See</u> U.S.S.G. § 2L1.2 (cmt. n.1(B)(iii)); <u>accord</u> <u>United States v. Palaguachi</u>, No. 15-cr-133(WFK), 2016 WL 2888995, at *7 (E.D.N.Y. May 17, 2016) ("Unlike <u>Johnson</u>, the term 'crime of violence' used under Guidelines § 2L1.2 does not 'both den[y] fair notice to defendants and invite[ ] arbitrary enforcement by judges.'") (quoting <u>Johnson</u>, 135 S. Ct. at 2557). Furthermore, although U.S.S.G. § 2L1.2 does not expressly include "robbery with a dangerous weapon," as an enumerated offense that qualifies as a "crime of violence," it <u>does</u> specifically

---

[3] The Commentary to U.S.S.G. § 2L1.2 defines "crime of violence" as:

> any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that <u>has as an element the use, attempted use, or threatened use of physical force against the person of another</u>.

U.S.S.G. § 2L1.2 (cmt. n.1(B)(iii) (emphasis added)). As noted previously, the force clause of 18 U.S.C. § 16 includes "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). The residual clause of that statute includes "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." <u>Id.</u> § 16(b). In <u>Dimaya</u>, the Ninth Circuit held that the residual clause of 18 U.S.C. § 16(b) is unconstitutionally vague, in light of <u>Johnson</u>. The <u>Dimaya</u> court did not hold, as unconstitutionally vague under <u>Johnson</u>, the force clause of section in Section 16(a), which mirrors the language in the Commentary to U.S.S.G. § 2L1.2.

6

include "robbery." Id.  Additionally, U.S.S.G. § 2L1.2 provides that prior convictions that trigger the sentencing enhancement under U.S.S.G. § 2L1.2 "include the offenses of aiding and abetting, conspiring, and attempting, to commit such offenses."  See U.S.S.G. § 2L1.2 (cmt. n.5).  In sum, Petitioner is not entitled to relief under the reasoning of Johnson and Dimaya.[4]

The court further finds that, even if Petitioner could show that Johnson applies to the application of a sentencing enhancement against him under U.S.S.G. § 2L1.2, his challenge is nevertheless procedurally defaulted because he raises this claim for the first time in his motion under Section 2255.  See United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010).  Petitioner is not entitled to raise his procedurally defaulted argument unless he can show "cause and prejudice, or actual innocence."  Id.  He has not even attempted to make this showing, nor could he.  First, that Johnson had not been decided while his criminal case was before this Court does not establish cause.  See Bousley v. United States, 523 U.S. 614, 623 (1998) (rejecting arguments that section 2255 movant demonstrated cause for failure to raise argument based on a new Supreme Court holding issued after his case became final); Whiteside v. United States, 775 F.3d 180, 185 (4th Cir. 2014) (en banc) (noting that "alleged futility cannot serve as 'cause' for a procedural default in the context of collateral review").  Furthermore, as explained above, the characterization of Petitioner's prior offense as an aggravated felony did not affect his sentence; thus, he cannot show prejudice.  Petitioner also cannot establish actual innocence because he does not contend that he did not commit the offense of which he was convicted.  See Pettiford, 612 F.3d at 280.  Petitioner's procedural default precludes him from obtaining relief.

Finally, Petitioner's motion to vacate is subject to dismissal for the additional reason that

---

[4] Moreover, because Petitioner is not entitled to relief under Johnson, his petition is not timely because it was filed more than one year after his conviction became final.  See 28 U.S.C. § 2255(f)(1).

Petitioner is complaining about an alleged sentencing error that is not cognizable on collateral review under Section 2255. That is, the Fourth Circuit has held that the district courts lack authority to collaterally review a sentencing error unless it is (1) "constitutional," (2) "jurisdictional," or (3) "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015). The sentencing error that Petitioner alleges does not fall into any of these three narrow categories. Thus, for this additional reason, Petitioner's motion to vacate is denied.

## IV. CONCLUSION

For the reasons stated herein, the Court will deny and dismiss the § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion to vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Frank D. Whitney
Chief United States District Judge